Chao Lin v. Garland

BIA
Christensen, IJ
A209 390 956

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:
ROSEMARY S. POOLER,
JOSEPH F. BIANCO,
MYRNA PÉREZ,
*Circuit Judges.*

_____

CHAO LIN,
*Petitioner,*

v.

20-3554
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:      Troy Nader Moslemi, Esq., Flushing, NY.

FOR RESPONDENT:      Brian Boynton, Acting Assistant Attorney General; John S. Hogan,

Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chao Lin, a native and citizen of the People's Republic of China, seeks review of a September 17, 2020, decision of the BIA affirming a May 31, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chao Lin,* No. A209 390 956 (B.I.A. Sept. 17, 2020), *aff'g* No. A209 390 956 (Immig. Ct. N.Y. City May 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The record here contains substantial evidence to support the IJ's credibility determination. Lin alleged that, in January 2016, the police arrested and detained him for 15

3

days following a raid on an underground Christian church, other inmates beat him because of his religion, and he feared future arrests and beatings on the same grounds. The agency reasonably relied on inconsistencies between Lin's statements, testimony from his pastor in the United States, and a letter from a friend in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Indeed, Lin does not dispute that the record reflects inconsistencies regarding what he was doing in the church when the raid began, whether the individual who introduced him to the church and wrote a letter in support of his application had been detained following the raid, and his practice of Christianity in the United States. Lin argues that these inconsistencies are trivial. However, the agency may rely on "the cumulative effect" of even minor inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167 (quotation marks omitted).

The multiple inconsistencies, relating to both events in China and Lin's practice of Christianity in the United States, constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia*

*Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]even a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Moreover, the agency was not required to credit his explanations for the inconsistencies, particularly as the record reflected that his pastor changed his testimony when Lin shook his head in response to a statement that created an inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) 170 ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Finally, contrary to Lin's position, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, Lin's petition for review is

DENIED.

                                          FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6